

**Decided January 30, 1987**

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

COMMONWEALTH TRIAL COURT

TRINIDAD T. BABAUTA,       )      CIVIL ACTION NO. 83-114
                          )
          Plaintiff,       )
                          )
     vs.                  )      ORDER DENYING MOTION TO
                          )          REDUCE SUPPORT
RICARDO L. BABAUTA,       )
                          )
          Defendant.       )
_____)

Defendant's motion seeking an order reducing the amount of support ordered in the divorce decree entered August 22, 1983, came on for hearing January 28, 1987. Both parties appeared in person and with their respective counsel.

The court finds that since the decree was entered the defendant subsequently remarried and had one child from the second marriage. The defendant and his second wife have since separated, and he was recently ordered to make temporary child support payments of $50.00 per month for the child of the second marriage. See Babauta v. Babauta, Civil Action No. 86-902 (CTC).

The court further finds that defendant has remained gainfully employed. His salary has steadily increased, and his

949

gross monthly salary is now a little over $700.00. In the proceedings with his second wife, however, the court found that taking into account his monthly expenses and payment obligations including the child support ordered in this case, he would barely make ends meet. In Civil Action No. 86-902, the court decided however to order a minimal support payment of $50.00 per month, taking into account his support obligations in the present case, and in effect admonishing the defendant to tighten his financial belt somewhat. In contrast, the wife of the first marriage remains single, has custody of the two children whose expenses have increased since they are now of school age. Further, she recently became unemployed, albeit voluntarily, in order to spend more time with her children. The only source of income she receives to support the two children is the amount of $220.00 ordered in 1983. Costs of living have since greatly increased, as noted by plaintiff.

The court will abide by the established rule of law that subsequent obligations incurred as a result of one's remarrying by itself will not be sufficient to permit a decrease in the child support obligations under the first marriage. See generally Annot., 89 ALR2d 106. et seq.

Here, through the duration of his second marriage, the father appeared able to continue child support under the first marriage and at the same time support his second family. It is true that his second wife was employed and was earning as much as he does. But this factor and others were all considered by the

court in the temporary support hearings in Civil Action No. 86-902. Such was the reason for ordering there a minimal amount of support. With some belt-tightening, defendant should be able to provide for the support for the children of this marriage and that of his second.

Based on the foregoing, the motion to reduce support is hereby DENIED.

Dated at Saipan, CM, this **30th** day of January, 1987.

Jose S. Dela Cruz, Associate Judge